# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

LARRY BARBER

   Plaintiff

                _____

                Case number

v.

TIM HORTON CORPORATION       Jury requested

   Defendant

and

JOHN DOE (owner/management company)

   Defendant

and

JOHN DOE (manager)

_____

Larry Barber, Pro Se

1701 Heatherwood Drive

#104

Inkster, Mi. 48141

(734)833-8158,  lbarber401@yahoo.com

---

## COMPLAINT

NOW COMES Plaintiff, Larry Barber, who submits his complaint and

states as follows:

There is no other actions or cases involving the parties in Wayne County

## JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. 1331 and 1343 for Plaintiff.s claims arising under federal law,

and supplemental jurisdiction pursuant to 28 U.S.C. 1367 for Plaintiff's claims

under state law

2.  Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because

Defendants have sufficient contacts with this district to subject them to personal

jurisdiction at the time this action was commenced. and the acts or omissions

giving rise to this Complaint occurred within this District

## FACTS

3. Plaintiff is a profoundly deaf individual

4.  Due to his disability, Plaintiff's ability to communicate in English is limited

5.  Plaintiff is mobility impaired

6.  On March 01, 2022, Plaintiff aatempted to utilize the drive-thru of the

Dearborn location Tim Horton. Could not hear so he proceeded to the

window to place order

7.  Rather than accommodate Plaintiff,s disability and allow him to place a drive-

thru order in this way, the Tim Horton store manager

( upon information and belief )

appeared at the drive thru window and berated Plaintiff for utilizing the drive thru

and for placing his order at the window

8. Plaintiff left location without having having received any service or products

9. March 04, 2022, Plaintiff attempted to utilize the drive-thru of the Dearborn

location, again being told they would not accept his order at drive thru even

though he explained his disabilities

10. March 08, 2022, Plaintiff attempted to utilize drive thru and Plaintiff,s order

was not processed, and not one Tim Horton employee communicated with

Plaintiff in any way leaving Plaintiff humiliated, frustrated and confused

11. March 11, 2022, Plaintiff had another person call the store and ask to speak

to the manager a person who said their name was Tim was the manager who

4

said

they would not let anyone order at window regardless of disability

12.  March 16, 2022 Plaintiff attempted to utilize the drive-thru at the Dearbron

Tim Horton and again Plaintiff was told they would not accept the order at the

window this time was told to park and come inside , Plaintiff explained he was

mobility impaired, but parked anyway and found doors locked

13.  March 23, 2022 Plaintiff attempted to utilize the drive-thru at the Dearbron
Tim

Horton and was told they would not accept order regardless of disability at
window

could come inside,  Plaintiff parked and found doors locked

14.  Plaintiff has ledt the Dearborn Tim Hortons on many occassions without

being served

15.  Based on the incidents described above, Defendants refuse to serve deaf

individuals in the same manner in which they serve hearing individuals

16. Tim Hortons drive-thru ordering system, which requires a customer to utilize

hearing and speaking, is inaccessable to deaf individuals. Based on the incidents

described above, Defendants offer no accessible or alternative means for deaf

individuals,including Plaintiff to utilize drive-thru in a manner equal to the service

offered to hearing individuals

17. Defendants conduct caused Plaintiff to be denied the full and equal

enjoyment of Defendant,s goods, services, facilities , privilages, advantages

and or accommodations

18. Defendants discriminatory conduct caused Plaintiff to suffer emotional

distress,including humiliation and frustration

19. Plaintiff made several calls to corpoate customer service

20. Plaintiff made calls to Tims tips

21. Plaintiff made calls to store location

22. All calls had no results

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

23. Plaintiff repeaats and realleges all proceding paragraphs in support of

this claim

24. At all times relevant to this acton, Title 111 of the ADA, 42U.S.C. 12181

has been in full force and effect and has applied to Defendants conduct

25. At all times relavant to this action, Plaintiff has been substantially limited

in the major life activities of hearing and walking,and is an individual with a

disability within the meaning of the ADA, 42 U.S.C. 12102(2)

26. Defendants own, lease and or operate a place of public accommodations

within the meaning of Title III of the ADA, 42 U.S.C. 12181(7)(D)

27. Title III of the ADA provides that " no individual shall be discriminated against

on the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privilages, advantages or accommodations of any place of public

accommodation by any person who owns, leases or operates a place of public

accommodation " 42 U.S.C. 12182(a)

28.  Title III of the ADA further provides that " it shall be discriminatory to afford

an individual or class of individuals , on the basis of a disability or disablilities

of such individual or class, directly or through contractual, licensing or other

arrangements with the opportunity to participate in or benefit from a good,

service, facility,privalage, advantage or accommodation that is not equal to

that afforded to other individuals "  42 U.S.C. 12182(b)(1)(A)(ii)

8

29. Title III of the ADA further defines discrimination to include " a failure to take

such steps as may be necessary to ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services "

42 U.S.C. 12182(b)(2)(A)(iii)

30. Title III of the ADA further defines discrimination to include " a failure to

remove architectural barriers, and communication barriers that are structural

in nature,in existing facilities...where such removal is readily achievable " or

" where an entity can demonstrate that the removal of a barrier...is not readily

achievable a failure to make such goods, services, facilities, privilages, advantages

or accommodations available through alternative methods if such methods are

readily achievable " 42 U.S.C. 12182 (b)(2)(A)(iv-v)

9

31. Federal regulations implementing Title III of the ADA provide that " a public

accommmodation shall furnish appropriate auxiliary aids and services where

neccessary to ensure effective communication with individuals with disabilities "

28 C.F.R. 36.303(c)

32. Defendants discriminated against Plaintifff on the basis of disability, in

violation of Title III of the ADA and its implementing regulations as set forth

above

33. Plaintiff is therefore entitled to injunctive relief, as well as an award of

attorneys  fees, costs and disbursements pursuant to the ADA, 42 U.S.C.

12188(a)(1)

## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

34. Plaintiff repeats and realleges all preceding paragraphs in support of this

claim

35. At all times relevant to this action , the Michigan Persons with Disabilities

Civil Rights Act  M.C.L. 37.1302 has been in full force and effect and has applied

to the Defendants conduct

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following

relief :

    a. Enter a declaratory judgement, stating that Defendants have subjected

Plaintiff to unlawful discrimination in violation of Title III of the Americans with

Disabilities Act and Michigan Persons with Disabilities Civil Rights Act

    b. Enjoin Defendants from implementing or enforcing any policy,

procedure, or practice that discriminates against deaf and hard of hearing

individuals

    c. Order Defendants:

        1. To develop, implement, promulgate, and comply with a policy

        prohibiting future discrimination against Plaintiff or other deaf or

        hard of hearing individuals by failing to provide effective

        communication

        2. To develop, implement, promulgate, and comply with a policy

        to ensure that Defendants will consider the communication needs

        of deaf individuals who seek Defendants goods and / or services

        and will affirmatively work with deaf individuals to provide effective

        auxiliary aids and services to make their services accessible

3. To train all its employees, staff, and other agents on a regular

basis about the rights of individuals who are deaf or hard of hearing

under the ADA and the PWDCRA

d. Award to Plaintiff:

1. Compensatory damages

2. Punitive damages

3. Reasonable costs and attorney fees

4. Interest on all amounts at the highest rates and from the

earliest dates allowed by law

5. Any and all other relief this Court finds neccessary and

appropriate

**JURY DEMAND**

13

Plaintiff demands trial by jury for all the issues a jury properly may decide and for

all the requested relief a jury may award

Respectfully submitted,

03/27/2022

Date

Larry Barber

1701 Heatherwood Dr.

#104

Inkster, Mi. 48141

734-833-8158

lbarber401@yahoo.com

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: *Wayne*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
*Larry Barber*

## DEFENDANTS
*Tim Hortons Inc*

**(b)** County of Residence of First Listed Plaintiff   *Wayne*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   *Ontario*
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
*Larry Barber      734 833 8158*
*1701 Heatherwood Dr. 104 / Inkster MI*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☒ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
*42 USC 12101*
Brief description of cause:
*Failure to serve Def*

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ *75⁰⁰ +*
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   *03/27/2022*
SIGNATURE OF ATTORNEY OF RECORD   *L. B.*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?       ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)       ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____